UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

THOMAS BENDER,

               Plaintiff,                        **REPORT AND RECOMMENDATION**

       -against-                             06 CV 3378 (CBA)(LB)

DETECTIVE ALVAREZ, SGT. BLEIER,
DETECTIVE FOGELMAN, OFFICER
MARTIN, OFFICER ERNST, DETECTIVE
SMITH, OFFICER SANTOS, DETECTIVE
HOULIHAN, DETECTIVE PALMESE,
OFFICER BERTOLINI, LIEUTENANT
MORGIGO and SERGEANT FIELDS,

               Defendants.

------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that on September 10, 2005, defendant police officers illegally searched his home, falsely arrested and imprisoned him. Plaintiff also alleges defendants maliciously prosecuted him. Defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] The Honorable Carol B. Amon referred defendants' motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that defendants' motion for summary judgment should be granted.

---

[1] Defendants gave plaintiff the requisite notice under Local Civil Rule 56.2.

## BACKGROUND

The following facts are not in dispute, unless otherwise noted.[2] On September 10, 2005, plaintiff Thomas Bender was arrested with Michael James[3] at his residence, 117-25 147th Street, Jamaica, New York 11436, Queens County ("premises"). Plaintiff's Complaint ("Complaint") at III and IV; Defendants' Notice of Motion ("Notice of Motion") at Exhibit C, ¶ 20. Plaintiff alleges that defendants violated his constitutional rights by "illegally search[ing]" and "br[e]aking and entering into his home and or residence without probable cause and without a constitutionally valid search warrant." Complaint at IV. Plaintiff states that the warrant was "fake" because after the defendants entered his residence, they did not show him the warrant, but "flashed it twenty feet away" from him. Notice of Motion at Exhibit E, pg. 31, ll. 7-19. Plaintiff also argues that the officers "never had a confidential informant" because the "search of plaintiff's home was executed some two weeks after the fact." Memorandum of Law in Support of Plaintiff's Affidavit in Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Memo") ¶¶ 8, 22.

Defendants maintain that they had a valid search warrant, that there was probable cause to

---

[2] Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires a party moving for summary judgment to submit "a separate, short and concise statement" of the allegedly undisputed material facts, set out in numbered paragraphs, on which the moving party relies in arguing that there is no genuine issue to be tried. See Local Rule 56.1(a); see also Gianullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003); Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 72 (2d Cir. 2001). Defendants filed a 56.1(a) statement, and plaintiff filed an "Affidavit in Opposition to Defendants' Motion for Summary Judgment/Plaintiff's Local Rule 56(e) Statement to Defendants" on January 30, 2008, however, plaintiff's statement does not list the facts in dispute. However, plaintiff does list issues he alleges are in dispute in his "Memorandum of Law in Support of Plaintiff's Affidavit in Opposition to Defendants' Motion for Summary Judgment." The Court does not rely on the statement of undisputed facts contained in defendants' Rule 56.1 statement: "[i]t must be satisfied that the citation to the evidence in the record supports the assertion." Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004); see Gianullo, 322 F.3d at 143 n.5. Therefore, the Court deems admitted only those facts that are supported by admissible evidence and not controverted by the record.

[3] Michael James also filed a civil rights action regarding his September 10, 2005 arrest against the same defendants named herein alleging the same claims as plaintiff in the instant case. See James v. Alvarez, et.al., 05 CV 5992 (CBA)(LB) (dismissed on defendants' motion for summary judgment)(hereinafter "Alvarez").

arrest plaintiff and that plaintiff fails to state a claim for false arrest and imprisonment. Defendants' Memorandum of Law in Support of their Motion for Summary Judgment ("Defendants' Memo") at 2. Rachel Alvarez,[4] a detective assigned to the Narcotics Borough Queens of the New York City Police Department ("NYPD"), attests that in or around September of 2005 she was assigned to investigate heroin trafficking out of the premises. Notice of Motion at Exhibit C, ¶3. Alvarez states that she received information from a confidential informant ("CI") that the CI had purchased heroin at the premises. Notice of Motion at Exhibit C, ¶4. Alvarez also states that the CI had proven reliable in the past for two search warrants since August 2005, and for over five arrests where the NYPD recovered firearms, cocaine, heroin and United States currency. Id. at ¶6. According to Alvarez, as of May 9, 2007, the information provided by the CI had been the basis for approximately thirty-five search warrants and fifty arrests. Id. at ¶26. Working exclusively with defendant Alvarez and her supervising officer, defendant Fields, the CI purchased drugs, making controlled buys from the premises. Id. at ¶¶ 7, 8, 9, 24. Alvarez states that there was reasonable cause to believe, based on her personal knowledge and reliable information, that there was heroin and narcotics paraphernalia at the premises. Id. at ¶ 10.

Plaintiff alleges that the "warrant was illegally issued." Complaint at IV; Plaintiff's Memo ¶7. Plaintiff states that "Judge Fernando Camacho of the Criminal Court, Queens County did not issue a warrant because after a thorough investigation, Michael James discovered that [J]udge Camacho did not preside on the bench on the 7th day of September 2005."[5] Plaintiff's Memo ¶38.

---

[4] Plaintiff argues that the defendants did not provide declarations in support of their motion and that Jennifer L. Rubin can not swear on behalf of the police officers. Plaintiff's Memo ¶35. This argument is without basis as defendants include an affidavit from Detective Rachel Alvarez.

[5] The Court addressed the validity of the search warrant in James v. Alvarez, et.al., 05 CV 5992 (CBA)(LB) and James v. Tann, et. al., 06 CV 3007 (CBA)(LB).

Plaintiff alleges that "no police officer or . . .defendant[] completed an application for a search warrant" or "submitted for an oral application for a search warrant" and no application was "submitted or filed with the local criminal court" and "this [C]ourt [does not] have a certified copy of any such application." Plaintiff's Memo ¶¶10, 11, 12. Plaintiff also states that defendants failed to produce a copy of the oath, minutes, application and search warrant as a matter of Criminal Procedure Law Section 690.35 and 690.36. Plaintiff's Memo ¶¶8, 22, 37.[6]

Defendants state, however, that Alvarez requested a search warrant and order of seizure from the Court on or about September 7, 2005. Notice of Motion at Exhibit C, ¶ 11. Judge Camacho from Criminal Court, Queens County, on September 7, 2005 issued a search warrant for the premises. Notice of Motion at Exhibit C, ¶12; Notice of Motion at Exhibit B. Defendants include a copy of the warrant, which states in relevant part,

> "that there is reasonable cause to believe that such property to wit: heroin, narcotics paraphernalia, including but not limited to, plastic bags, records of ownership or use of this location, records of narcotics transactions, pre-recorded buy money, and such United States currency used to purchase narcotics, are being unlawfully possessed and which constitutes evidence. . . .in violation of Article 220 of the Penal Law of the State of New York at, **117-25 147 Street, Jamaica, Queens County, State of New York, more particularly, a two story, green private house, with the numbers "117-25" clearly marked on a black post in front of the residence** . . It is further

---

[6] The defendants in <u>Alvarez</u> provided a copy of the affidavit submitted with the warrant application to this Court for *in camera* review to protect the CI's identity. In the <u>Alvarez</u> Report and Recommendation, this Court credited defendants' concern that producing the affidavit to plaintiff could expose the CI's identity and pose a danger to the CI's safety and stated,
> "Although plaintiff may not personally pose a risk to the confidential informant, there is a risk that if the identity of the CI is revealed, drug traffickers in the vicinity of plaintiff's home and individuals who were arrested in prior cases in which the CI participated could jeopardize the informant's safety."

Had plaintiff moved to compel the production of the affidavit, the Court would have denied the request for the same reasons stated in <u>Alvarez.</u> The safety concerns regarding the identity of the confidential informant outweigh plaintiff's demonstrated need for the warrant here. United States v. Saltares, 301 F. Supp.2d 305, 307 (S.D.N.Y. 2004).

> ordered that the annexed affidavit of Police Officer Rachael Alvarez, Shield # 28354, submitted in support [o]f this search warrant. . . . remain sealed until further order of this Court."

Notice of Motion at Exhibit B.

The warrant was executed on September 10, 2005 by the named defendants. Notice of Motion at Exhibit C, ¶13. Plaintiff alleges defendants "ransacked" his home and attaches photographs to his Memorandum of Law.[7] Complaint at IV; Plaintiff's Memo at Exhibit A. However, plaintiff testified at his deposition that while items were strewn on the floor, he could not state whether anything was damaged. Notice of Motion at Exhibit E, pg. 30, ll. 8-14, pg. 31, ll. 2-6. Plaintiff also alleges that the defendants participated in the "fabrication of evidence against both plaintiffs, Michael James and the plaintiff herein." Complaint at IV. Plaintiff states that while he and Michael James were in the custody of the NYPD, defendants "planted evidence or manufactured evidence" to "make it appear that plaintiff was holding contraband inside his residence." Plaintiff's Memo ¶21. Plaintiff alleges that defendants "cook[ed] the books" and falsified documents to make it appear as if plaintiff was in possession of "a zip-lock bag of heroin", but the defendants never produced the "confiscated zip lock bag of heroin found in plaintiff's residence" and "the lab report did not indicate that heroin was ever brought to the agency for testing, nor was any heroin test conducted at the scene." Complaint at IV; Plaintiff's Memo ¶22. Plaintiff further alleges that he was arrested on "false charges of being in possession of an alleged zip-lock bag of heroin among[st] other things" and that he was illegally detained in jail for six days on the basis of an "invalid search

---

[7] Defendants object to the photographs of the "ransacked" premises which were not produced during discovery. Plaintiff stated at his deposition that he did not have any photographs. Reply Memorandum of Law in Further Support of Defendants' Motion for Summary Judgment ("Reply Memo") at pg. 2, n. 2; Notice of Motion at Exhibit E, pg. 29, ll. 12-18.

warrant," "false charges and malicious prosecution." Complaint at IV; Plaintiff's Memo ¶7.

However, defendants recovered from the premises: (i) three glassines of heroin, one straw containing heroin, three burnt marijuana cigarettes, one bottle of methadone without a prescription label, vouchered as number M802510; (ii) three rounds of ammunition, eight assorted calibers of ammunition, vouchered as number M802514; and (iii) $1,774.00, vouchered as number M802509. Notice of Motion at Exhibit C, ¶¶ 16, 17, 18, 21; Notice of Motion at Exhibits F and G. Defendants also state that the items recovered from the premises tested positive for heroin, marijuana and methadone. Defendants' Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1 (Defendants' 56.1 Statement) at ¶21; Notice of Motion at Exhibit J. Defendants Alvarez and Fields then made the determination to place plaintiff under arrest. Notice of Motion at Exhibit C, ¶24. Plaintiff was charged with criminal possession of a controlled substance: narcotic drug with intent to sell, criminal possession of a controlled substance in the 7th degree, and unlawful possession of marijuana. Notice of Motion at Exhibit C, ¶ 23; Notice of Motion at Exhibit I. The drugs recovered from the premises tested positive for heroin, marijuana and methadone.

Plaintiff alleges that the charges were dismissed against him and sealed because the "Judge who allegedly . . . issued the search warrant . . . did not sign the warrant or initial his signature for the authentication of the instrument," there was "no evidence linking [] plaintiff . . . to heroin transactions," the CI "did not have a history with the N.Y.P.D. and therefore was not reliable" and "the arrest and detention of the plaintiff was constitutionally illegal." Plaintiff's Memo ¶40. However, the Decision and Order issued by the Criminal Court of the City of New York, County of Queens, on January 19, 2006 states that the accusatory instrument lacked facial sufficiency because it failed to "establish where the property was recovered and what connection, if any, the defendant

ha[d] to the premises" and "in the absence of such information it is impossible to determine the legal theory under which the defendant is being charged." Notice of Motion at Exhibit L.

Plaintiff also alleges that defendants participated in a conspiracy when they "entered the plaintiff's residence and ransacked the entire premises" and "that each and every named defendant . . . participated personally. . . in the violation of plaintiff's rights by falsifying documents and interfering with governmental and judicial operations with warrant process." Complaint at IV. Plaintiff states that each defendant participated in "executing an illegal search of plaintiff's residence while knowing that there was no warrant issued by a local magistrate" or "no officer actually appl[ied] for a warrant." Plaintiff's Memo ¶¶10, 33. Each defendant "participated as an individual, and each defendant knew or should have known that Det. Rachel Alvarez did not have the legal authority to conduct or execute a search of plaintiff' residence." Plaintiff's Memo ¶27. Defendants argue that plaintiff's conspiracy arguments are "mere speculation and unsupported assertions." Reply Memo at 8.

## PROCEDURAL HISTORY

Plaintiff filed this *pro se* complaint on July 10, 2006 pursuant to 42 USC §1983, alleging illegal search, false arrest and imprisonment and malicious prosecution. The parties conducted discovery.[8] Defendants now move for summary judgment and plaintiff opposes the motion.

---

[8] The Court does not credit plaintiff's allegation that he did not have the opportunity to depose defendants. Plaintiff's Memo ¶36. The plaintiff had eight months to conduct discovery but failed to do so.

## DISCUSSION

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (quoting Anderson, 477 U.S. at 248 ); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000); see also Baker v. The Home Depot, 445 F.3d 541, 543 (2d Cir. 2006) (resolving all ambiguities and drawing all inferences in favor of the nonmoving party on summary judgment). For the purposes of defendants' motion for summary judgment, the facts here are viewed in the light most favorable to plaintiff.

"An opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); see Matsushita, 475 U.S. at 586-87. In other words, the non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. Anderson, 477 U.S. at 257. "Conclusory allegations, conjecture, and speculation ... are insufficient to create a genuine issue of fact." Niagra Mohawk Power Corp. v.

Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998)). Moreover, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." Id. (quoting Anderson, 477 U.S. at 252). Finally, "[w]here the non-moving party is proceeding *pro se*, the court must interpret that party's supporting papers liberally, that is, interpret them 'to raise the strongest possible arguments that they suggest.'" Forsyth v. Fed'n Empl. & Guidance Serv., 409 F.3d 565, 569 (2d Cir. 2005) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

## I. SEARCH WARRANT

Plaintiff alleges that defendants violated his rights under the Fourth Amendment. A civil rights claim for illegal search or false arrest is grounded in the Fourth Amendment right of an individual to be free from unlawful search and seizure, including arrest without probable cause. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). "Ordinarily, an arrest or search pursuant to a warrant issued by a neutral magistrate is presumed reasonable because such warrants may issue only upon a showing of probable cause." Walczyk v. RIO, 496 F.3d 139, 155 (2d Cir. 2007). Plaintiff argues that the search warrant was invalid because (i) there was no application for a search warrant, Plaintiff's Memo ¶¶10, 11, 12, (ii) the defendant failed to produce a copy of the supporting affidavit submitted with the warrant, id. ¶¶8, 22, 37, (iii) there was no CI and the warrant was based on falsified evidence, id. ¶8, Complaint at IV, (iv) the warrant was not issued by a judge, Plaintiff's Memo ¶38, and (v) plaintiff was not shown a copy of the warrant, Notice of Motion at Exhibit E, pg. 31, ll. 7-10. Defendants maintain that the warrant was issued based on information provided to

Alvarez by a CI who had proven reliable. Reply Memo at 4. Defendants also argue that the search warrant specifically described the items to be seized and the premises to be searched, and that the warrant was signed by Judge Camacho. Defendants' Memo at 5, 6; Notice of Motion at Exhibit C, ¶¶6-9, 24, 26.

"A valid warrant issued by a neutral magistrate does suffice to create a presumption of probable cause, and a plaintiff who seeks to argue that a warrant was issued on less than probable cause faces a heavy burden." Kirkland v. City of New York, No. 06 CV 0331 (NG)(CLP), 2007 WL 1541367 *4 (E.D.N.Y. May 25, 2007) (citing to Illinois v. Gates, 462 U.S. 213 (1983)); Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991). The Supreme Court has established three requirements for a warrant to be valid. Dalia v. United States, 441 U.S. 238, 255 (1979). First, a "disinterested magistrate" must issue the warrant. Connally v. Georgia, 429 U.S. 245, 250-51 (1977). Second, probable cause must be established by the persons seeking the warrant by demonstrating to the magistrate that "'the evidence sought will aid in particular apprehension or conviction'" for a particular offense. Dalia, 441 U.S. at 255. Finally, "'warrants must particularly describe the things to be seized'" in addition to the place to be searched. Id.; see also Rincon v. City of New York, No. 03 Civ. 8276 (LAP), 2005 WL 646080 (S.D.N.Y. March 21, 2005) (discussing the requirements outlined in Dalia to determine the validity of a warrant).

Plaintiff has failed to demonstrate that the warrant was not issued by a "disinterested magistrate." Plaintiff states that "Michael James discovered that [J]udge Camacho did not preside on the bench on the 7th day of September 2005." Plaintiff's Memo ¶38. However, James failed to set forth competent, admissible evidence that Judge Camacho did not preside on the bench on that date or that Judge Camacho did not sign the warrant. See James v. Alvarez, et. al., No. 05 CV 05992

(CBA)(LB), p. 7 (E.D.N.Y. March 31, 2008). Plaintiff admits that he has no personal knowledge as to whether the judge issued the search warrant. Notice of Motion at Exhibit D, pg. 54, ll.9-23.

There was probable cause to issue the warrant. Plaintiff's allegations that an application for a search warrant was never completed by any officer and that no oral application was made for a search warrant is contradicted by the record which includes a copy of the warrant. Plaintiff's Memo ¶¶10, 11, 12; Notice of Motion at Exhibit B. The warrant itself states that it was based on an affidavit by defendant Alvarez. Notice of Motion at Exhibit B. Also, plaintiff never requested a copy of the sealed affidavit and incorrectly cites to CPL 690.35 and 690.36 as authority that defendants must produce the affidavit. Furthermore, defendants state in their motion papers that they would provide the affidavit for *in camera* review should the Court request it.[9] Defendants' Memo at 5, n. 2.

Plaintiff fails to establish that the CI did not exist and that the documents supporting the warrant were falsified. "To establish that the information provided to the neutral magistrate was false, plaintiff must show that: 1) the affiant knowingly and deliberately or with reckless disregard for the truth, made false statements or omitted material facts from the warrant applicant; and 2) those statements or omissions were crucial to the finding of probable cause." Kirkland, 2007 WL 1541367 *5 (citing to Franks v. Delaware, 438 U.S. 154, 155-56 (1978)). First, affidavits supporting search warrants are presumed valid. United States v. Martin, 426 F.3d 68, 73 (2d Cir. 2005). Second, false statements are only "material" when they are "'necessary to the [issuing] judge's probable cause finding.'" Kirkland, 2007 WL 1541367 *6 (quoting Martin, 426 F.3d at 73) (other quotation omitted). Moreover, a conclusory allegation that the information provided was false or that an

---

[9] The Court need not request the affidavit here as the affidavit was already reviewed *in camera* in Alvarez.

11

affidavit omitted material facts is not sufficient; a plaintiff challenging a warrant in a civil rights action must make specific allegations accompanied by an offer of proof. Id. (citing Velardi v. Walsh, 40 F.3d 596, 573 (2d Cir. 1994)).

Plaintiff's conclusory allegation that there was no CI and that the documents submitted in support of the warrant application were falsified cannot withstand defendants motion for summary judgment. Plaintiff's argument that the warrant was "fake" because he was not shown a copy of it is without merit. Defendants entered plaintiff's residence with a legal warrant, which they included as an exhibit in their motion papers. Plaintiff's allegation that defendants should have provided him with a copy of the warrant to review upon entering the premises cannot sustain his complaint.

Furthermore, the warrant lists with specificity the items to be seized and the address of the premises to be searched. Dalia, 441 U.S. at 255. The warrant states that there was reasonable cause to believe that "heroin, narcotics paraphernalia, including but not limited to, plastic bags, records of ownership or use of this location, records of narcotics transactions, pre-recorded buy money, and such United States currency used to purchase narcotics, are being unlawfully possessed" and describes the premises as "117-25 147 Street, Jamaica, Queens County, State of New York, more particularly, a two story, green private house, with the numbers '117-25' clearly marked on a black post in front of the residence." Notice of Motion at Exhibit B. Plaintiff therefore fails to demonstrate the invalidity of the warrant.

## II.     SEARCH

The defendants executed the warrant on September 10, 2005. Notice of Motion at Exhibit C, ¶14. Plaintiff was inside the premises when defendants entered. Notice of Motion at Exhibit B, pg. 50-51, ll. 25-6; Notice of Motion at Exhibit C, ¶14. During the execution of the warrant, plaintiff alleges that his home was "ransacked", that items were strewn everywhere, but plaintiff had no knowledge of anything being broken. Notice of Motion at Exhibit E, pg. 30, ll. 8-14, pg. 31, ll. 2-6.

As discussed in detail above, there was a valid warrant in this case and as such, the officers entry into plaintiff's home is presumed reasonable. See Lewis v. City of Mount Vernon, 984 F. Supp. 748, 754 (S.D.N.Y. 1997) (the issuance of a valid warrant created a presumption of reasonableness that plaintiff has not rebutted). Plaintiff has failed to set forth any facts demonstrating that the search of his residence was illegal.

Plaintiff also fails to show that defendants violated his constitutional rights during the execution of the warrant when the officers "ransacked his home." Even where an arrest is made pursuant to a warrant, the Fourth Amendment "require[s] that police actions in execution of a warrant be related to the objectives of the authorized intrusion." Wilson v. Layne, 526 U.S. 603, 611 (1999). The Court looks to the totality of the circumstances to determine whether the execution of the warrant was reasonable. See generally, United States v. Banks, 540 U.S. 31 (2003). "Excessive or unnecessary destruction of property in the course of a search warrant may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression." United States v. Ramirez, 523 U.S. 65, 71 (1998). However, "there must be an allegation that the officers' actions were unreasonable or malicious, and that more than ordinary

disarray and damage incident to the execution of the warrant occurred." Kirkland, 2007 WL 1541367 *7; See also Martin v. Rodriguez 154 F.Supp.2d 306, 315 (D.Conn. 2001) (citing to Lewis, 984 F.Supp. at 756) (allegation that officers left plaintiff's apartment "ransacked" did not state a constitutional violation where plaintiffs "presented no evidence that the officers wantonly damaged or destroyed property or conducted the search in a manner inconsistent with its professed purpose of finding illicit drugs"). Thus, a search that is destructive or invasive may violate an individual's Fourth Amendment rights. Plaintiff, however, only alleges that items were thrown on the ground. He does not demonstrate that defendants wantonly damaged or destroyed his property. Plaintiff's search claims cannot withstand defendants' motion for summary judgment and defendants' motion should be granted.

### III. ARREST

Plaintiff alleges that his arrest was "false because it was subsequent to the illegal and unlawful search conducted by [defendants]" Memorandum of Law in Support of Plaintiff's Affidavit in Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Memo") ¶33. Plaintiff was inside the premises when the officers entered. Notice of Motion at Exhibit C, ¶14. Plaintiff states that while he was in the custody of the NYPD, the defendants "fabricat[ed]" and "manufactured" evidence against him by making it "appear" as if plaintiff possessed "a zip-lock bag of heroin" but never produced the zip-lock bag. Complaint at IV; Plaintiff's Memo ¶¶21, 22. Plaintiff further alleges that "the lab report did not indicate that heroin was ever brought to the

agency for testing, nor was any heroin test conducted at the scene."[10] Complaint at IV; Plaintiff's Memo ¶22. Plaintiff alleges that he was illegally detained in jail for six days on the basis of an "invalid search warrant," and "false charges." Complaint at IV; Plaintiff's Memo ¶7.

Defendants maintain that "illegal drugs were in plain view." Defendants' Memo at 13. Defendant Alvarez attests to recovering: three glassines of heroin, one straw containing heroin, three burnt marijuana cigarettes, one bottle of methadone without a prescription label, three rounds of ammunition, eight assorted calibers of ammunition and $1,774.00. Notice of Motion at Exhibit C, ¶¶ 16, 17, 18, 21; Notice of Motion at Exhibits F and G. Defendants also argue that they produced vouchers recording the seizure of drugs and ammunition found on the premises. Reply Memo at 6. Defendants also state that the items recovered from the premises tested positive for heroin, marijuana and methadone. Defendants' 56.1 Statement at ¶21; Notice of Motion at Exhibit J. Defendants Alvarez and Fields determined there was probable cause to place plaintiff under arrest. Notice of Motion at Exhibit C, ¶24; Defendants' Memo at 13.

"The elements of a false arrest claim under § 1983 are substantially the same as the elements of a false arrest claim under New York law." Mitchell v. Home, 377 F.Supp.2d 361, 371 (S.D.N.Y. 2005) (citing Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003) (other citations omitted)). "Under New York law, the existence of probable cause is an absolute defense to a false arrest claim." Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006); see Singer v. Fulton County Sheriff, 63 F.3d 110,

---

[10] Plaintiff argues that the police officers failed to bring a third party to identify the "contraband" and erroneously cites to Wilson v. Layne, 526 U.S. 603, 612, 119 S.Ct. 1692, 1698 (1999) for this proposition. Plaintiff's Memo ¶28. If plaintiff is attempting to further allege that the charges against him were "fabricated", his argument is without merit as defendants' state that the drugs recovered from the premises tested positive for heroin, marijuana and methadone. Defendants' 56.1 Statement ¶21.

118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause."). "Probable cause is not a particularly demanding standard." United States v. Solomonyan, 452 F. Supp.2d 334, 343 (S.D.N.Y. 2006). Probable cause is determined by looking at what facts the officers had available at the time of, and immediately prior to, arrest. See Caldarola v. Calabrese, 298 F.3d 156, 162 (2d Cir. 2002) ("when determining whether probable cause exists, courts must consider those facts available to the officer at the time of the arrest and immediately before it"). Probable cause determinations look to the totality of the circumstances and a police officer who has probable cause to arrest the plaintiff is justified in doing so. Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (probable cause "requires an officer to have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested"). The existence of probable cause "is an absolute defense to a false arrest claim." Caldarola, 298 F. 3d at 161; see also Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) ("[t]here can be no federal civil rights claim for false arrest where the arresting officer had probable cause"). "When making a probable cause determination, police officers are entitled to rely on the allegations of fellow police officers." Caldarola, 298 F. 3d at 161 (internal citations omitted). If one investigating officer has probable cause for arrest, this knowledge is considered to be collectively shared with other arresting officers. Id.

Plaintiff was at home at the time the search warrant was executed. Upon entering the premises, Alvarez attests to observing illegal drugs in plain view. Defendants produced vouchers and records of the heroin and narcotics paraphernalia seized pursuant to the warrant. Plaintiff fails to provide any evidence demonstrating that the evidence was planted in his residence except for his

unsupported statement. Woodman v. WWOR-TV, Inc. 411 F.3d 69, 75 (2d Cir. 2005)(citing Golden Pac. Bancorp v. FDIC, 375 F.3d 196, 200 (2d Cir. 2004) and D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir.1998) ["'[T]he non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful.'"]) Alvarez observed and recovered three glassines of heroin, one straw containing heroin and three burnt marijuana cigarettes. The search also recovered one bottle of methadone and three rounds of assorted caliber ammunition. Alvarez therefore had ample probable cause to arrest plaintiff.

The fact that plaintiff was ultimately acquitted of the charges does not mean that there was no probable cause to arrest him. Brogdon v. City of New York, 200 F. Supp. 2d 411, 421 (S.D.N.Y. 2002). Where there is probable cause or arguable probable cause to defeat a false arrest claim, plaintiff's false imprisonment claim necessarily fails. Boyd v. City of New York, 336 F.3d 72, 76 n.6 (2d Cir. 2003). [11]

---

[11] Although the Court finds no constitutional violation of plaintiff's rights, the arresting officers would also be entitled to qualified immunity on these claims. It is "well established that the existence of probable cause is an absolute defense to a false arrest claim and affords the arresting officer qualified immunity from litigation." Caldarola, 298 F.3d at 161; see Walczyk, 496 F.3d at 154 (If the officers' conduct violated no constitutional right, "there is no necessity for further inquiries concerning qualified immunity"). "Furthermore, insofar as defendants are shielded by qualified immunity on the charges of false arrest, this further shields them on the conspiracy charge." Chodkowski v. City of New York, No. 06 CV 7120 (LBS), 2007 WL 2717872 *7 (S.D.N.Y. September 11, 2007) (citing to Deters v. Lafuente, 368 F.3d 185, 187 n.2 (2d Cir. 2004)). Because plaintiff fails to establish that defendants violated his constitutional rights, "there can be no civil rights conspiracy to deprive that right." Id.

## IV. MALICIOUS PROSECUTION

Plaintiff also alleges that he was maliciously prosecuted. Complaint at IV. Plaintiff was charged with criminal possession of a controlled substance: narcotic drug with intent to sell, criminal possession of a controlled substance in the 7th degree, and unlawful possession of marijuana. Notice of Motion at Exhibit C, ¶ 23; Notice of Motion at Exhibit I. The drugs recovered from the premises tested positive for heroin, marijuana and methadone. Defendants' 56.1 Statement at ¶21; Notice of Motion at Exhibit J.

Plaintiff alleges that the charges were dismissed against him because the Judge did not sign the warrant, plaintiff could not be linked to the heroin transactions, the CI was not reliable and did not have a history with the NYPD, and plaintiff's arrest and detention were illegal. Plaintiff's Memo ¶40. However, the Decision and Order issued by the Criminal Court of the City of New York, County of Queens states that the accusatory instrument lacked facial sufficiency because it failed to "establish where the property was recovered and what connection, if any, the defendant ha[d] to the premises" and "in the absence of such information it is impossible to determine the legal theory under which the defendant is being charged." Notice of Motion at Exhibit L.

To succeed on a claim for malicious prosecution, the plaintiff must show that a prosecution was initiated against him, with malice and without probable cause to believe that it could succeed and that the prosecution terminated in favor of the accused plaintiff. Boyd v. City of New York, 336 F.3d 72, 76 (2nd Cir. 2003); see also Fulton v. Robinson, 289 F.3d 188, 195 (2nd Cir. 2002)(citations omitted). However, "dismissal for facial insufficiency is insufficient to establish a favorable termination." Neal v. Fitzpatrick, 250 F.Supp.2d 153, 155 (E.D.N.Y. 2003) (citing Breen v. Garrison, 169 F.3d 152, 153 (2d Cir. 1999)). Plaintiff not only fails to proffer any evidence of

18

malice on the part of defendants, but the dismissal of the accusatory instrument based on facial insufficiency does not establish a termination in plaintiff's favor. Therefore defendants' motion for summary judgment should be granted on plaintiff's claim for malicious prosecution.

## V. PLAINTIFF'S STATE LAW CLAIMS

Plaintiff was arrested on September 10, 2005, but he did not file his notice of claim against the City until on or about March 2006. To the extent that plaintiff alleges state law claims against the defendants, these claims should be dismissed because plaintiff failed to timely file a notice of claim pursuant to N.Y. Gen. Mun. Law §§ 50-e and 50-i(a). Baez v. New York City Health and Hosp. Corp., 80 N.Y.2d 571, 576 (1992); see also Steiner v. City of New York, 920 F. Supp. 333 (E.D.N.Y. 1996) ("New York General Municipal Law applies to state law claims asserted in a federal suit brought under Section 1983."). Under N.Y. Gen. Mun. Law §§ 50-e and 50(i), plaintiff must file a notice of claim within 90 days of the incident giving rise to the claim and commence the action within a year and ninety days from the date on which the cause of action accrues. "A cause of action for false arrest and/or malicious prosecution accrues at the time the plaintiff is detained and/or confined." Brogdon, 200 F. Supp. 2d at 428. "A plaintiff's state law tort claim in a federal civil rights action against a city and police officers employed by the city should be dismissed when the plaintiff's notice of claim is filed more than 90 days after the claims arose." Id. Accordingly, plaintiff's state law claims should be dismissed as untimely.

## CONCLUSION

The Court should grant defendants' motion for summary judgment and plaintiff's complaint should be dismissed.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
_____
Lois Bloom
United States Magistrate Judge

Dated: December 9, 2008
        Brooklyn, New York